UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERIC JAVON KENNER** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER:  19-11669** |
| **JAMES B. NUTTER & COMPANY** | **SECTION:  S (1)** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Eric Javon Kenner, filed the above-captioned matter in this Court in which he appears to assert a claim for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., against James B. Nutter and Company, Chris R. Jackson, Jules A. Carville III, the honorable Sterling Snowdy, Bernadette Daly, and Mike Tregre.

The Court has permitted the plaintiff to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. § 1915(a).  However, summons has not issued in order to allow the Court to review plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute.  On its face, plaintiff's complaint fails to meet the requirements of the statute.  There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*. See Startii v. United States, 415 F.2d 1115, 1116 (5th Cir.1969); see also Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding *in forma pauperis* is not new).

1

On July 19, 2019, the court granted plaintiff's request to proceed *in forma pauperis*, but ordered that summons be withheld pending the Court's review of plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute.[1] At the same time, plaintiff was ordered to show cause by August 14, 2019, as to why this case should not be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B)(i-iii) for failing to state a claim on which relief may be granted. He has not filed a response.

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous. Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
> * * *
> 
> > (B) the action or appeal –
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added). A claim is "frivolous" where it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." Samford v. Dretke, 562 F.3d 674, 678 (5th Cir. 2009) (per curium) (quoting Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999). "A complaint lacks an arguable basis in fact when 'the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless.'" Id. (quoting Harris, 198 F.3d at 156).

---

[1] There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*. See Startii v. United States, 415 F.2d 1115, 1116 (5th Cir.1969); see also Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding *in forma pauperis* is not new).

"To determine if a complaint fails to state a claim" under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same standard "applicable to dismissals made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure." Id.  In ruling on a 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). Further, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level." Id. (citation, footnote, and quotation marks omitted). On that point, the United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted). Additionally, Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Id.  "The particularity standard of Rule 9(b) generally requires the plaintiff to plead the time, place, and contents of the false representation and the identity of the person making the representation." United States v. Bollinger Shipyards, Inc., 775 F.3d 255, 260 (5th Cir. 2014). This standard "ensures the complaint 'provides defendants with fair notice of the plaintiffs' claims, protects defendants from harm to their reputation and goodwill, reduces the number of strike suits, and prevents plaintiffs from filing baseless claims then attempting to discover unknown wrongs.'" U.S.

3

ex rel. Grubbs v. Kanneganti, 565 F.3d 180, 190 (5th Cir. 2009) (quoting Melder v. Morris, 27 F.3d 1097, 1100 (5th Cir. 1994)).

Here, plaintiff alleges that the defendants violated his rights under the FDCPA. He alleges that defendant (it is not clear which) is operating "without using full legal name." Plaintiff writes "Attorney Chris R. Jackson. James B. Nutter and Company. Real ID Act in 6 CFR 37.3." It is unclear what he means by this.[2] Plaintiff also alleges that his "accusers are not using their full names, or full name so there is no way that 2016V311937/16CN31937 can be legal." He claims that James B. Nutter and Company ("JBN") and their attorneys are committing fraud. As to the other defendants, they are only listed as parties, and the complaint is devoid of any factual allegations regarding their role in the alleged FDCPA violations. Plaintiff requests to be awarded clear title and damages of $500,000. It is not clear for what property he seeks clear title.

It is unclear from the facts alleged what provision of the FDCPA the plaintiff alleges has been violated, although plaintiffs' complaint appears to concern a failure by defendants to adequately identify themselves. In asserting a basis for federal jurisdiction, plaintiff asserts "I want there [sic] official valid full name, passport, social security numbers, citizenship." He cites 15 U.S.C. §1692a, which contains the definitions applicable to the FDCPA; §1692b, which requires, among other things, that a debt collector communicating with any person other than a consumer for the purpose of acquiring location information about the consumer shall identify himself; §1692c concerning communication with the consumer, communication with third parties, and

---

[2] The referenced regulation concerns driver's licenses and identification cards that can be accepted by Federal agencies for federal purposes and as to REAL IDs, provides:
> REAL ID Driver's License or Identification Card means a driver's license or identification card that has been issued by a State that has been certified by DHS to be in compliance with the requirements of the REAL ID Act and which meets the standards of subparts A through D of this part, including temporary or limited-term driver's licenses or identification cards issued under § 37.21.

6 C.F.R. § 37.3

4

requests that a debt collector cease communication; and §1692g, which requires a debt collector to provide the consumer with written notice of, among other things "the name of the creditor to whom the debt is owed." Plaintiff may be trying to allege that one or more of the defendants are debt collectors and that they have failed to provide the name of the creditor to whom the debt is owed as required by §1692g, but even that is unclear. More than that cannot be gleaned from the plaintiff's minimal factual allegations. Further, to the extent plaintiff seeks to assert a fraud claim, he has failed to allege specific facts as required by Rule 9 to put defendants on notice of plaintiff's claims.

On the complaint as written, plaintiff has failed to state a claim on which relief may be granted. He has been given an opportunity to explain the facts supporting his proposed claims, but he has not done so. Accordingly,

**IT IS RECOMMENDED** that this lawsuit be DISMISSED WITHOUT PREJUDICE for failure to state a claim.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 27th day of August, 2019.

_____
Janis van Meerveld
United States Magistrate Judge